J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

Rodney Brown, Jr., an individual and
d/b/a www.tycoonkicks.com and Tycoon Kicks
*autostockman@gmail.com* ███████████
Fort Mill, South Carolina 29708
███████████████

Defendant, *in pro se*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nike, Inc., | Case No. CV10-8297 VBF (SSx) |
| Plaintiff, | ~~[PROPOSED]~~ CONSENT DECREE PURSUANT TO STIPULATION |
| v. | |
| Rodney Brown, Jr., an individual and d/b/a www.tycoonkicks.com and Tycoon Kicks and Does 1 – 10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation re Entry of Proposed Consent Decree that has been executed by Plaintiff Nike, Inc. ("Nike" or "Plaintiff") and Defendant Rodney Brown, Jr., an individual and doing business as www.tycoonkicks.com and Tycoon Kicks ("Defendant") in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2)     Service of process was properly made on the Defendant.

3)     Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

4)     Nike alleges Defendant has made unauthorized uses of the Nike Trademarks or substantially similar likenesses or colorable imitations thereof.

5)     Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

      a)     Infringing the Nike Trademarks, either directly or contributorily, in any manner, by:

            i)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks ("Unauthorized Products");

            ii)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of  or bear a confusing similarity to any of the Nike Trademarks;

            iii)     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the

products sold by Defendant, or Defendant himself is connected with Nike, is sponsored, approved or licensed by Nike, or is affiliated with Nike;

iv)     Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike.

6)     Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of the Nike Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

7)     Except for the allegations contained herein, the claims alleged in the Complaint against Defendant are dismissed with prejudice.

8)     This Consent Decree shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9)     The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendant.

9)     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree.

10)     The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Joint Stipulation Re Entry Of [Proposed] Judgment, Proposed Judgment

Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11)     This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:  3-7-11

_Valerie Baker Fairbank_

_____
Hon. Valerie Baker Fairbank
United States District Judge

PRESENTED BY:

J. Andrew Coombs, A Professional Corp.

By:  /s/ Annie S. Wang
     _____
     J. Andrew Coombs
     Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Rodney Brown, Jr., an individual and
d/b/a www.tycoonkicks.com and Tycoon Kicks

By: _____
     Rodney Brown, Jr.
Defendant, *in pro se*

Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11)   This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

_____
Hon. Valerie Baker Fairbank
United States District Judge

PRESENTED BY:

J. Andrew Coombs, A Professional Corp.

By: _____
      J. Andrew Coombs
      Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Rodney Brown, Jr., an individual and
d/b/a www.tycoonkicks.com and Tycoon Kicks

By: _____
      Rodney Brown, Jr.
Defendant, *in pro se*

Nike v. Brown, Jr.: Proposed Consent Decree                    - 4 -

## EXHIBIT A

Nike Registrations

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |

| | | |
|---|---|---|
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |
| AIR FORCE I | 3,520,484 | October 21, 2008 |

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause.  I am employed by a member of the Bar of the United States District Courts of California.  My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On March 4, 2011, I served the:

- **JOINT STIPULATION RE ENTRY OF PROPOSED CONSENT DECREE**

- **[PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION**

for the following civil action:

<u>Nike, Inc. v. Rodney Brown, et al.</u>

on the following interested parties in this action:

> Rodney Brown, Jr.,
> d/b/a www.tycoonkicks.com and Tycoon Kicks
> ██████████████
> Fort Mill, SC 29708

by placing a true and correct copy thereof in an envelope to be immediately sealed thereafter.  I am readily familiar with the office's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business.  I am aware that on motion of the party served, service may be presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing in affidavit.

Place of Mailing:  Glendale, California.
Executed on March 4, 2011, at Glendale, California.

_/s/ Jeremy Cordero_
Jeremy Cordero